**I. A. DRESS CO., Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 94, Docket 25762.**

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1959.

Decided Jan. 11, 1960.

Michael Kaminsky, New York City, for petitioner, Leo Kotler, New York City, of counsel.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney and Melvin L. Lebow, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before LUMBARD, Chief Judge, and SWAN and FRIENDLY, Circuit Judges.

SWAN, Circuit Judge.

The Tax Court sustained the Commissioner's determination of an income tax deficiency in petitioner's surtax for the taxable year 1949 computed under section 102 of the 1939 Code (26 U.S.C. 1952 ed., Sec. 102). Section 102(a) imposes a surtax upon the net income of a corporation, if such corporation is availed of for the purpose of preventing the imposition of surtax upon its shareholders "through the medium of permitting earnings or profits to accumulate instead of being divided or distributed." Section 102(c) provides:

"*Evidence determinative of purpose.* The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary."

After reviewing the evidence the Tax Court stated: "Consequently, we conclude from an examination of the record herein that petitioner in 1949 had accumulated its earning and profits beyond its reasonable business needs." The opinion then refers to section 102(c) and continues: "The petitioner has failed to establish by a clear preponderance of the evidence that it was not availed of for the purpose of preventing the imposition of income tax upon the sole stockholder, Isaac Alper. In fact, the record contains affirmative evidence that petitioner *was* availed of for such a purpose."

The taxpayer was organized in 1924 with a paid-in capital of $5,000. In 1927 it leased a building in New York City. Its business has consisted in subletting space in this building, collecting rents and furnishing all the services required of a landlord. The lease under which it occupied the building in 1949 ran to January 31, 1964. In 1950, the parties agreed to extend the lease to January 31, 1967. Its business has prospered. In 1949 its accumulated earnings and profits were $106,821.06. It has never paid a dividend.[1] The alleged reason for accumulation of earnings and profits during all these years is that the taxpayer plans to buy the fee of the building it leases. But it has no option to buy, and in 1949 it had no reason to know whether or when it could come to terms with the owner, who was willing to sell but at a price some $300,000 more than the taxpayer was willing to pay. It expects that part of the purchase price will be provided by a mortgage, but no evidence was presented as to the amount of the mortgage or as to expected earnings before the purchase might eventually be made at some indefinite future date. If such a vague plan were sufficient to avoid the corporate surtax, any individual could organize a one-man corporation, lease a building and discuss with the lessor the purchase of the building at some future time, and then assert that in the meantime business needs required accumulation of corporate earnings. Congress could never have intended Section 102 to be so easily evaded.

Additional facts supporting the Tax Court's conclusions appear in its findings and opinion, and need not be restated here. Its findings of fact cannot be set aside by a reviewing court "unless clearly erroneous."[2] We think them amply supported by the evidence.

Relying upon Section 534 of the 1954 Code (26 U.S.C. 1958 ed., Sec. 534),

which, on certain conditions transfers to the respondent the burden of proof, the taxpayer contends that the Tax Court erred in holding that the requirements of that section had not been met. We think it unnecessary to pass upon that question at the present time. On the record before us the Tax Court's findings are supportable regardless of which party had the burden of proof.

Decision affirmed.

---

1. The item of $9,000 shown as a dividend paid in 1947 represents a surplus adjustment for a prior year.

2. Casey v. Commissioner of Internal Revenue, 2 Cir., 267 F.2d 26, 31; Trico

Products Corporation v. McGowan, 2 Cir., 169 F.2d 343, 344, certiorari denied 335 U.S. 899, 69 S.Ct. 300, 93 L.Ed. 434; Latchis Theatres of Keene v. Commissioner of Int. Rev., 1 Cir., 214 F.2d 834, 835.