DIXIE, INC., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 53, Docket 25580.

United States Court of Appeals
Second Circuit.

Argued March 7, 1960.

Decided April 14, 1960.

William A. Moore, New York City, Choate Ronalds Reynolds & Hollister, New York City, of counsel, for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Melvin L. Lebow, Attys., Department of Justice, Washington, D. C., for respondent.

Before LUMBARD, Chief Judge, and WATERMAN and LEWIS,* Circuit Judges.

* Of the Tenth Circuit, sitting by designation.

LEWIS, Circuit Judge.

Petitioner seeks review of a decision of the Tax Court upholding the assessment by the Commissioner of a deficiency of $22,053.11 in income surtax for the year 1952 against petitioner, a corporation owning and operating the Hotel Dixie in New York City. The assessment was made under Section 102[1] of the Internal Revenue Code of 1939, 26 U.S.C.A. § 102, and was premised upon the Commissioner's disallowance of the sum of $258,660.81[2] from a total of $708,660.81 claimed by petitioner as a reasonable accumulation of profit and earnings. The balance was allowed as properly accumulated to meet the necessity of providing television and air conditioning for the hotel.

Attacking the ultimate finding of the Tax Court that "during the year 1952, petitioner was availed of for the purpose of avoiding surtax upon its shareholders," petitioner contends that it has shown that the earnings and profits of the corporation were accumulated for a recognized business purpose and not for the purpose of lightening the tax burdens of its sole shareholder, Hyman B. Cantor. The Commissioner, on the other hand, urges that the motive of the taxpayer was adequately proved to be that penalized by Section 102(a) without reference to the statutory presumption provided by subsection (c) and additionally that petitioner's evidence did not rise to a "clear preponderance" necessary to rebut the presumption properly applied. We find such ample support in the record, however viewed, for the finding of the Tax Court that we deem it unnecessary to determine the limitations of the statutory presumption set out in Section 102(c) or involve the determination of the case with the niceties of burden of proof indicated in Section 534 (26 U.S.C.A.1954, § 534).

The Dixie, Inc., was organized under the laws of New York in 1942 and has since been engaged in the operation of the Hotel Dixie in New York City. The company has been wholly owned by Hyman B. Cantor since inception. The premises of Hotel Dixie are owned by King Hotels, Incorporated, similarly organized in 1942 and wholly owned by Cantor and his wife. Carter Hotels Operating Corporation is a New York corporation organized in 1941 and wholly owned by Cantor and his wife. Carter serves as renting and managing agent for Hotel Dixie and Hotels Essex, Avery and George Washington, each of which is both owned and operated by a Cantor-owned corporation.[3] Officers and direc-

1. "(a) There shall be levied, collected, and paid for each taxable year * * * upon the net income of every corporation * * * if such corporation * * * is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders or the shareholders of any other corporation, through the medium of permitting earnings or profits to accumulate instead of being divided or distributed, a surtax equal to the sum of the following:

"27½ per centum of the amount of the undistributed section 102 net income not in excess of $100,000, plus

"38½ per centum of the undistributed section 102 net income in excess of $100,-000.

* * * * *

"(c) The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary."

2. The sum of $80,193.14 was retained by the corporation during the year 1952.

3. Other companies owned or controlled by Cantor and intertwined in his hotel financing included:

New Haven Hotel Company, which owned the Hotel Garde.

Hotel George Washington, Inc., which leased the Hotel George Washington.

Essex, Inc., which operated the Hotel Essex.

Carter Hotels, Inc., which owned the Hotel Essex.

Hotel Essex, Boston, Corporation, which owned the Hotel Essex, Boston.

Avery, Inc., which operated the Hotel Avery.

Hotel Avery Corporation, which owned the Hotel Avery.

Hotel Governor Clinton Co., Inc.

tors of The Dixie, Inc., King Hotels, Incorporated, and Carter Hotels Operating Corporation are one and the same.

Cantor acquired the capital stock of The Dixie, Inc. in 1942 for $1,000 cash. During the next ten years the company accumulated over $700,000 as undistributed earnings and profits without declaring a single dividend. If the earnings of the company for the single year 1952 had been distributed to its sole stockholder, Cantor's additional surtax liability would have been $60,903.22. Cantor admitted that he was aware of this fact and since he actively directed The Dixie, Inc. his knowledge must be attributed to the taxpayer. There can be little doubt that taxpayer's accumulated earnings were resting for the convenience of Cantor. In fact, he testified when queried about his various hotel operations:

> "I never know until I close my deal just how and where we are going to put the deal. Usually, I tried to work those things out for the advantage of or the account of anyone [sic] of the hotels that have the cash to do it with."

■ Two contentions are advanced by petitioner in support of the claim that the accumulation was not beyond the reasonable needs of its business. In 1952 it became apparent that a principal tenant would not renew its lease when it expired in 1957. Management discussed the consequence and had the hotel engineer estimate the cost of remodeling if a new tenant could not be found. But no plans were adopted; no consideration of future earnings was had; the interest of King Hotels, Inc., owner of the building, was ignored; and the problem remained a generality with the affairs of The Dixie, Inc. unchanged from previous years. In order to justify an accumulation as reasonable to meet a business need the need must be treated with economic reality and cannot find comfort in Section 102 by simple recognition. Here petitioner did nothing but recognize a future problem and discuss possible and alternative solutions. This is not sufficient. Definiteness of plan coupled with action taken toward its consummation are essentials. I. A. Dress Co., Inc. v. Commissioner, 2 Cir., 1960, 273 F.2d 543, 544.

■ Petitioner's second attempt at establishing the 1952 accumulation as reasonable for its business needs is similar in nature and similarly without merit. During that year it was known that the Hotel Lincoln, a competitively located hotel, was for sale and if purchased and renovated would become a serious competitor. The problem could be met either by buying the Hotel Lincoln or refurbishing the Dixie. Cantor made some attempt toward negotiation for purchase but again the potential business need received nothing but vague recognition. "If such a vague plan were sufficient to avoid the corporate surtax, any individual could organize a one-man corporation, lease a building and discuss with the lessor the purchase of the building at some future time, and then assert that in the meantime business needs required accumulation of corporate earnings. Congress could never have intended Section 102 to be so easily evaded." I. A. Dress Co., supra.

Finally, petitioner contends that under the Tax Court's own rulings in J. L. Goodman Co. v. Commissioner, 11 T.C. 530 and F. E. Watkins Motor Co., 31 T. C. 288 (footnote 7: "This Court has consistently held that the accumulation of funds to meet operational expenses for at least one year is reasonable") that its retention of the earnings and profits is *per se* reasonable in the context of its business, which incurs gross operating costs of over one million dollars per year.

■ The rule of thumb so stated may be one proper for administrative convenience but should rise to no higher level. The search must always be concerned with the needs of the particular business as they existed during the particular year. KOMA, Inc. v. Commissioner, 10 Cir., 189 F.2d 390; World Pub. Co. v. United States, 10 Cir., 169 F.2d 186; Hemphill Schools, Inc. v. Commissioner, 9 Cir., 137 F.2d 961; Pelton,

Steel Casting Co. v. Commissioner, 7 Cir., 251 F.2d 278.

The findings of the Tax Court are not clearly erroneous and the decision is affirmed.