**John STEVENSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Dec. 29, 1965.

Bergerman & Hourwich, Melvin Semel, New York City, Milton Bergerman and William Baronoff, New York City, of counsel, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Laurence Vogel, Grant B. Hering, Asst. U. S. Attys., of counsel, for defendant.

LEVET, District Judge.

This is a tax refund suit brought by John Stevenson, transferee of the assets of Sutson, Inc., which was tried before a jury and myself. At the close of the evidence, defendant, United States of America, moved for a directed verdict with respect to the disallowance of an addition of $9,071.32 by Sutson, Inc. to its reserve for bonus records payable in its taxable year ending September 30, 1958. The motion was granted, thus withdrawing that issue from the jury. All the other issues in the case were submitted to the jury. After the jury rendered its verdict, the court, on plaintiff's motion, allowed reargument of defendant's motion for a directed verdict in order to allow a full presentation of arguments in briefs. After examination of the briefs and further consideration of defendant's motion, I am convinced that my prior decision should not be disturbed.

Sutson, Inc., an accrual basis taxpayer, was in the record club business and had obligated itself to send one free record to any club member who purchased two records. According to plaintiff's witness, Robert Goldrich, a certified public accountant, good accounting practice dictated setting up a reserve for its liability with respect to bonus records. Such a reserve was maintained on Sutson's books, and in the taxable year ending September 30, 1958, $9,071.32 was added to it. Goldrich testified that the addition of $9,071.32 was reasonable, but plaintiff did not produce any detailed analysis of Sutson's costs, experience, and expectations with respect to its future liability for bonus records.

■■ Plaintiff's claim is that it was proper for Sutson in 1958 to accrue its future costs for bonus records and set up a reserve for bonus records payable. Section 446 of the Internal Revenue Code of 1954, 26 U.S.C. § 446, allows taxpayers to employ an accrual method of accounting as long as the method used clearly reflects their income, but it does not specifically provide for the establishment of reserves for future expenses. Many cases, however, have considered and denied the deductibility of a reserve for future expenses. See 2 Mertens, Federal Income Taxation, § 12.73. Plaintiff relies on Schuessler v. Comm'r of Internal Revenue, 230 F.2d 722 (5th Cir. 1956) as authority for allowing deduction of the reserve in this case. In the Schuessler case, a reserve for the estimated cost of carrying out a guarantee with respect to furnaces sold was held deductible, but the evidence as to the future liability was well documented so that the court was able to find the liability fixed and to say that the taxpayer's method of accounting, employing reserves, did accurately reflect its income. Bressner Radio, Inc. v. Comm'r of Internal Revenue, 267 F.2d 520 (2d Cir. 1959) and Automobile Club of New York v. Comm'r of Internal Revenue, 304 F.2d 781 (2d Cir. 1962), cases concerning the related area of deferral of income when future costs attributable to that income are expected, further support the necessity for evidence which allows the liability to be fixed with reasonable certainty. Plaintiff produced no such evidence here and, thus, did not provide the jury with a basis for finding the deduction of the reserve proper.

Accordingly, plaintiff's motion for reargument is granted but upon such reargument the original determination in favor of defendant is not disturbed.

So ordered.