CHATHAM CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 529-66, 324-67. Filed April 28, 1967.

*Chester M. Howe* and *Herbert Burstein*, for the petitioner.
*James E. Markham, Jr.*, for the respondent.

#### OPINION

TANNENWALD, *Judge:* This case involves a determination by respondent that petitioner is subject to the accumulated earnings tax under section 531 [1] for the fiscal years ending June 30, 1961, 1962, 1963, and 1964. Respondent sent a notice to petitioner in accordance with section 534(b) and petitioner submitted a timely statement purporting

---

[1] Unless otherwise specified, all references are to the Internal Revenue Code of 1954.

to comply with the requirements of section 534(c). At the call of the case for trial on February 17, 1967, petitioner moved for a ruling that the burden of proof with respect to the grounds set forth in its statement rests upon respondent as provided in section 534(a). Decision was reserved by the Judge before whom the case was originally calendared and trial was continued to be heard by him at a future date.

In denying a similar motion in *Shaw-Walker Co.*, 39 T.C. 293 (1962), we stated:

It may be that a ruling on the burden-of-proof question as a preliminary matter would in some instances serve the convenience of the petitioner, but we think that the interests of both parties as well as that of the Court will best be served by allowing this question to be disposed of at or after trial.

In *Shaw-Walker*, the motion was submitted to the Judge of the motions calendar in advance of trial. By way of contrast, the motion herein has been submitted to the Judge before whom the case is to be tried. Nothing in *Shaw-Walker* precludes a ruling in such a situation. On the contrary, the above-quoted language specifically recognizes that an advance ruling might issue under appropriate circumstances.

Petitioner's statement, consisting of 49 pages, sets forth two grounds, with supporting facts, for retaining its earnings and profits: (a) To finance the expansion of the market for its products by five enumerated means and (b) to provide reserves for the diversification of its business through the development of new products and the acquisition of business enterprises. The amount of funds required for (a) is projected in great detail year by year from 1959 to 1970. With respect to (b), efforts to develop new products are set forth and more than 25 instances of negotiations relating to prospective acquisitions, during the period commencing in the fiscal year 1960, are listed, many of which were pursued simultaneously and were not considered alternative possibilities. Several had price tags attached thereto. The nature of the plans for expansion of markets and six instances of negotiations for acquisition are described in great detail. Names of other business concerns and individuals involved are given in practically every instance. The aggregate of the anticipated expenditures for market expansion, acquisitions to which price tags were attached, and development of new products exceeded the maximum of petitioner's apparent accumulated earnings during the years in question.

Respondent asserts that petitioner's statement is insufficient. He makes no claim that the *factual elements* in the statement are false. Essentially, his arguments are directed to questioning the judgment of petitioner's management. If such judgment was clearly erroneous, we might properly characterize the statement as sham. But such is not the case herein, with the result that we think respondent's assertions

are more appropriate to the substantive issues which will be involved in a trial. Nor do we agree with respondent that the fact that all but one of the negotiations failed is necessarily fatal.

Under the circumstances, we are not called upon at this point to determine whether the grounds and facts in the statement are true. That will come after trial. Petitioner's grounds are specific and not in the conclusory language of the statute and the supporting facts are substantial, material, definite, and clear. We conclude that the statement is sufficient to shift the burden of proof to respondent with respect to the grounds stated therein. Compare *John P. Scripps Newspapers*, 44 T.C. 453 (1965), *J. Gordon Turnbull, Inc.*, 41 T.C. 358 (1963), affd. 373 F. 2d 87 (C.A. 5, 1967) ; and *American Metal Products Corporation*, 34 T.C. 89 (1960), affd. 287 F. 2d 860 (C.A. 8, 1961) ; with *Wellman Operating Corporation*, 33 T.C. 162 (1959) ; *I. A. Dress Co.*, 32 T.C. 93 (1959), affd. 273 F. 2d 543 (C.A. 2, 1960), certiorari denied 362 U.S. 976; and *Dixie, Inc.*, 31 T.C. 415 (1958), affd. 277 F. 2d 526 (C.A. 2, 1960), certiorari denied 364 U.S. 827.

Petitioner's motion is granted.