**John STEVENSON, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 77, Docket 30443.**

United States Court of Appeals
Second Circuit.

Argued Oct. 18, 1966.

Decided June 5, 1967.

Milton M. Bergerman, Melvin Semel, William Baronoff, Bergerman & Hourwich, New York City, for plaintiff-appellant.

Laurence Vogel, Grant B. Hering, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for defendant-appellee.

Before WATERMAN, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

A deficiency assessment was made by the Internal Revenue Service against Sutson, Inc. for its taxable year ending September 30, 1958. Taxpayer, being the transferee of the assets of Sutson, Inc., a corporation wholly owned by him, was notified that he was liable for the deficiency assessment; he paid the same together with interest under protest; and, after his claim for a refund had been denied by the Service, he commenced this action pursuant to 28 U.S.C. § 1346(a) (1) for the sum he had paid together with interest from the date of his payment. The action was tried to a jury which returned a verdict in favor of the defendant.[1] From the ensuing judgment plaintiff appeals, claiming that certain evidentiary rulings of the trial court and a factual mistake the court allegedly made in the charge to the jury were so erroneous as to have prejudiced him.

The additional tax liability was assessed against plaintiff because of the alleged accumulation by Sutson, Inc. during its fiscal year 1958 of earnings beyond the reasonable needs of the corporation. Sutson, Inc., sold phonograph records by mail order subscription clubs but during the period in question was being permitted by taxpayer to go out of business due to increasing competition from larger companies.

Section 531 of the Internal Revenue Code of 1954 imposes a tax on the "accumulated taxable income" of every corporation which, as defined in Section 532 (a) is "formed or availed of for the purpose of avoiding the income tax with respect to its shareholders * * *, by permitting earnings and profits to accumulate instead of being divided or distributed." Under Section 533(a), the fact that the earnings and profits of a corporation are "permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid the income tax with respect to shareholders, unless the corporation by the preponderance of the evidence shall prove to the contrary."

■ Taxpayer contends that the trial court erred in excluding evidence offered by him to show that he enjoyed no tax saving from the non-distribution of earnings in fiscal 1958 compared to the taxes that were paid when the distribution of the accumulated earnings actually took place in 1959. This exclusion was proper; occurrences in 1959 would not be relevant to the key issue of taxpayer's intent to retain unreasonable accumulations during 1958. Only if the offered evidence could have shed light upon taxpayer's intent in 1958 would it be admissible on this issue. See Sterling Distributors, Inc. v. United States, 313 F.2d 803, 807 (5 Cir. 1963); Dixie, Inc. v. Commissioner, 277 F.2d 526, 528 (2 Cir. 1960).

■ Taxpayer also claims that the court's charge contained a prejudicial misstatement of the evidence as to Sutson, Inc.'s income for its fiscal year 1959. Even if this were true, which the Government denies, taxpayer may not raise the issue here as he failed to object to the charge when it was given by the trial judge. Fed.R.Civ.P. 51.

---

1. A memorandum opinion of the trial judge upon a reargument of a motion for a directed verdict dealing with one facet of the case is reported at 250 F.Supp. 647 (S.D.N.Y.1965).

Taxpayer's third and last claim of error involves the exclusion of testimony which he desired to introduce as "expert" testimony with reference to the financial aspects customary in the liquidation of a phonograph record mail order club. The court below rejected the offered testimony because the witnesses, though having general knowledge of the record and book mail order business, had insufficient knowledge or experience with the liquidation of record clubs to qualify as experts in that area. We cannot say that the trial court abused its discretion by excluding this testimony.

Affirmed.