IOWA SCHOOL OF MEN'S HAIRSTYLING, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Iowa School of Men's Haristyling, Inc. v. Commissioner
Docket No. 3993-92
United States Tax Court
T.C. Memo 1992-619; 1992 Tax Ct. Memo LEXIS 649; 64 T.C.M. (CCH) 1114; October 21, 1992, Filed *649 Respondent's motion will be granted. For Petitioner: James R. Monroe. For Respondent: Jeffrey A. Schlei. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case is before us on respondent's Motion for Ruling that Petitioner's Statement Pursuant to I.R.C. § 534(c) is Insufficient to Shift the Burden of Proof to Respondent. The sole issue presented is whether petitioner's statement, submitted pursuant to section 534(c), [1] is sufficient to place the burden of proof on respondent with regard to the reasonableness of accumulated earnings and profits. At the time the petition was filed, petitioner was an Iowa corporation with its principal place of business and headquarters located in Des Moines, Iowa. Respondent determined that petitioner was liable for accumulated earnings tax in the amount of $ 17,123 for the year ended December *650 31, 1986. Rule 142(a) provides that petitioner generally bears the burden of proof for issues before this Court. However, an exception is provided when the determined deficiency arises, in part, from the imposition of the accumulated earnings tax under sections 531-537. [2] Under Rule 142(e), either party may move this Court to fix the burden of proof regarding the reasonableness of accumulations upon which the accumulated earnings tax is based. [3] Respondent has so moved and, therefore, in the Court's opinion, it is appropriate to resolve this motion prior to the time of trial in order that the parties are properly prepared to litigate this case. [4]Rule 142(e); Chatham Corp. v. Commissioner, 48 T.C. 145 (1967). *651 Respondent has the burden of proof on the reasonableness of accumulations if either of two conditions is satisfied. Under section 534(a), the burden is on respondent if (1) notification is not provided in accordance with section 534(b); or (2) if adequate notice is provided under section 534(b) and petitioner files a statement of grounds in compliance with the requirements of section 534(c), in which event respondent has the burden respecting the grounds set forth in the statement. The parties are in agreement that respondent provided notification in accordance with section 534(b), and, therefore, the current motion addresses solely the sufficiency of grounds under section 534(c). Section 534(c) provides in part: "the taxpayer may submit a statement of the grounds (together with facts sufficient to show the basis thereof) on which the taxpayer relies to establish that all or any part of the earnings and profits have not been permitted to accumulate beyond the reasonable needs of the business." [5] The section 534(c) statement must set forth both the grounds and the facts relied upon to place the burden on respondent. American Metal Products Corp. v. Commissioner, 34 T.C. 89, 99 (1960), *652 affd. on other grounds 287 F.2d 860 (8th Cir. 1961). This Court has frequently stated the requirement of section 534(c) as follows: petitioner's statement must constitute more than mere notice of an intent to prove the reasonableness of the accumulation. Rather, the taxpayer must show its hand by stating with clarity and specificity the grounds on which it will rely to prove reasonable business needs, and by setting out the facts (not the evidence, but more than conclusions of law) that, if proven, support the alleged business needs for the accumulations. Hughes, Inc. v. Commissioner, 90 T.C. 1, 17 (1988), (quoting Bittker & Eustice, Federal Income Taxation of Corporations and Shareholders, par. 8.08 at 8-33 (4th ed. 1979)). "The corporation's statement must 'show its hand' and disclose the corporation's litigation theory to respondent". Myco Industries, Inc. v. Commissioner, T.C. Memo. 1992-147. *653 However, the statement "must outline only the basic facts necessary to notify respondent of the bases of the grounds asserted." Soros Associates International, Inc. v. Commissioner, T.C. Memo. 1982-79 (fn. ref. omitted). "It is the informative quality, not the number, of the facts set forth in a section 534(c) statement which determines sufficiency." Id. Even though the focus is on informative quality and not purely quantity, the facts stated and relied upon in the 534(c) statement must be substantial, material, definite, and clear, rather than general or vague. Chatham Corp. v. Commissioner, supra at 147; Bremerton Sun Publishing Co. v. Commissioner, 44 T.C. 566, 581 (1965); Rutter v. Commissioner, 81 T.C. 937, 947 (1983), affd. on this issue, revd. in part and remanded sub nom. J.H. Rutter Rex Manufacturing Co. v. Commissioner, 853 F.2d 1275, 1282-1284 (5th Cir. 1988). Simple broadbased assertions are not sufficient. On August 9, 1991, respondent, pursuant to section 534(b), sent by certified mail a notification *654 informing petitioner that the proposed statutory notice of deficiency included an amount with respect to the accumulated earnings tax imposed by section 531 for the taxable year 1986. Within the 60-day response time, petitioner on October 4, 1991, sent its section 534(c) statement to respondent. Sec. 1.534-2(d)(2), Income Tax Regs.
In its section 534(c) statement, petitioner set forth 4 individual grounds to justify its accumulation of earnings and profits during 1986. It is the sufficiency of this October 4, 1991, statement which is at issue. [6] This list of reasons were as follows: 1. Taxpayer intended and intends to expand its business to the westside of Des Moines at an estimated cost of $ 350,000. Between 1976 and 1982 four corporate entities related to Taxpayer expanded their operations or started new schools in other cities before the downturn in students and customers occurred. 2. Taxpayer, beginning in 1983, had a downturn in gross receipts from customer hair services and enrollment at Taxpayer's barbering and hairstyling school. Two similar schools in the Des Moines area (Americana and Salvador's) went bankrupt or out of business from 1980 to 1988. Taxpayer held *655 in excess of $ 200,000 of earnings to cover the downturn in sales and students. See attached Schedule A. 3. The Federal government proposed and was preparing to decrease loans and grants to students attending trade schools, such as Taxpayer. This reduction caused uncertainty to trade schools, including Taxpayer. 4. Due to the decline in and cyclical nature of its hair services business, Taxpayer believed that it had to diversify its student-related business; thus, Taxpayer entered the real estate business which has proven to be profitable. [7]
*656 Each ground will be separately reviewed. By reviewing each asserted ground individually, we may impose the burden of proof on respondent with respect to some grounds and on petitioner with respect to other grounds. Hughes, Inc. v. Commissioner, supra at 18; Myco Industries, Inc. v. Commissioner, supra; Soros Associates International, Inc. v. Commissioner, supra.
As a first ground, petitioner states that it was reasonable to accumulate $ 350,000 for the future expansion of its business. Respondent contends that petitioner's statement concerning the intended expansion of its business fails to relate any substantial, material, definite, and clear facts or details concerning the anticipated expansion of the business. We agree. Other than referencing the fact that competitors had expanded, petitioner provides no other detailed information. Petitioner's proposed or pending construction expansion plans are not set forth, nor is any reference made to actual expansion that was implemented. No specific plans have been provided, nor has justification for the amount of the accumulation *657 been provided. Petitioner has submitted no information from which computations could be made as to the costs of expansion. This is merely a vague and general allegation which is insufficient. As a second ground, petitioner states it was reasonable to accumulate $ 200,000 to cover a downturn in sales and students. An exhibit was attached as Schedule A to the section 534(c) statement outlining gross receipts from customer work and tuition for the years 1979 through 1989. Respondent contends petitioner's statement is vague, indefinite, and irrelevant. We agree. Although petitioner has attempted here to provide some formal documentation for its asserted ground, we find it is still insufficient. The broad and vague outline of gross receipts from student tuition and customer work does not provide this Court with sufficient factual information to support the asserted ground. Additionally, the information provided in the schedule does not relate, in any significant way, to the need to accumulate $ 200,000 of earnings and profit. As a third ground, petitioner indicates accumulations were necessary because the Federal government proposed and was preparing to decrease loans and grants *658 to students attending trade schools. Respondent again challenges this contention as being vague and general and not substantial, material, definite, or clear. We agree. No information was provided as to the number or percentage of students who received Federal loans or grants, nor was any information provided showing what action was proposed by the Federal government and when such a plan would be implemented and effective. No factual information was provided as to the actual implementation of such a Federal plan. Again, this is merely a vague and general statement that does not satisfy the section 534(c) requirements. As a fourth ground, petitioner indicates that it sought to diversify its student-related business by entering into the real estate business. Respondent contends and we agree this again is too vague a statement to satisfy the requirements of section 534(c). The section 534(c) statement submitted in the current proceeding is very similar to the one submitted in Capital Sales, Inc. v. Commissioner, 71 T.C. 416, 435 (1978), revd. on other grounds sub nom. Simon v. Commissioner, 644 F.2d 339 (5th Cir. 1981), *659 in which we determined that such a broad and vague statement was not effective to place the burden of proof on respondent. [8] With respect to each ground, petitioner's statement did not include facts sufficient to support and show the basis for the ground or reason relied on. "Section 534 and our cases emphasize the need for the taxpayer to present sufficient facts to support the grounds alleged." Rutter v. Commissioner, 81 T.C. 937, 939 (1983), affd. on this issue, revd. in part and remanded sub nom. J.H. Rutter Rex Mfg. Co. v. Commissioner, 853 F.2d 1275 (5th Cir. 1988). *660 A delicate balance must be reached between two competing factors. First, petitioner is not required to state facts sufficient to carry the burden of proof, with regard to the reasonable business needs for accumulations of earnings and profits, which it may never have at trial. Soros Associates International, Inc. v. Commissioner, T.C. Memo. 1982-79. However, respondent must be given a sufficient factual basis upon which she could proceed at trial. Id. In the instant case, we find petitioner has not set forth sufficient factual information with respect to any of the asserted grounds to satisfy the requirement of section 534(c). [9] Accordingly, the burden of proof to show that petitioner's earnings and profits were permitted to accumulate beyond its reasonable business needs is on petitioner. *661 Respondent's motion will be granted. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Section 531 imposes a tax on corporations "formed or availed of for the purpose of avoiding the income tax with respect to its shareholders * * * by permitting earnings and profits to accumulate instead of being divided or distributed." Sec. 532(a)↩. 3. "The fact that the earnings and profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid the income tax with respect to shareholders, unless the corporation by the preponderance of the evidence shall prove to the contrary." Sec. 533(a). As a result, the determination of which party bears the burden of proof on reasonable accumulations will have a major effect on the litigation of the underlying merits of the case. (If the reasonable business needs exceed accumulated taxable income (after adjustments under section 533(b)), petitioner will owe no tax; if they do not, petitioner nonetheless will be able to reduce its accumulated taxable income by the amount of reasonable accumulations. Sec. 533(a) and (c)↩.) 4. It should be noted that "In the final analysis, reasonableness of the accumulation is merely a subsidiary consideration, the ultimate question being whether the taxpayer was availed of for the purpose proscribed by the statute." R. Gsell & Co. v. Commissioner, 34 T.C. 41, 51-52 (1960), revg. on other grounds 294 F.2d 321 (2d Cir. 1961). "Petitioners, by complying with section 534, could only shift the limited burden of proof pertaining to accumulations beyond the reasonable needs of their businesses." American Metal Products Corp. v. Commissioner, 34 T.C. 89, 99 (1960), affd. on other grounds 287 F.2d 860 (8th Cir. 1961). The burden of proof to show that the purpose of the accumulations was not to avoid income tax with respect to shareholders is on petitioners. Id↩.
5. The regulations thereunder add no additional explicit requirements. See sec. 1.534-2, Income Tax Regs.↩
6. Other than the aforedescribed list, no other factual information was provided within the four corners of the section 534(c) statement, nor was any other factual information included by reference. Contrary to petitioner's contention, we will look only to the information provided in the October 4, 1991, section 534(c) statement and will not review all other information provided by petitioner during the audit and appeals procedure. (Petitioner, in its response to the current motion, attempts to include additional factual information provided in (1) a Letter of Protest dated September 18, 1989, (2) a Letter Summary of Hearing dated April 5, 1990, and (3) a Letter Summary of Hearing dated July 7, 1990.) (See generally Rutter v. Commissioner, 81 T.C. 937, 947 (1983), affd. on this issue, revd. in part and remanded sub nom. J.H. Rutter Rex Manufacturing Co. v. Commissioner, 853 F.2d 1275↩ (5th Cir. 1988), in which we held the opportunity for or the occurrence of discovery in accordance with the Rules of the Tax Court does not affect the scope of the facts that must be included in such statement to support the grounds alleged.)
7. Solely for ruling on the current motion, we shall accept the facts set forth in the sec. 534(c) statement as true. Chatham Corp. v. Commissioner, 48 T.C. 145↩ (1967).
8. In Capital Sales, Inc. v. Commissioner, 71 T.C. 416, 435 (1978), revd. on other grounds sub nom. Simon v. Commissioner, 644 F.2d 339 (5th Cir. 1981), the sec. 534(c) statement of grounds provided as follows: 1. Need to improve the Corporation's financial condition to support the requirement of its principal supplier, Modernfold. 2. Need to expand its product line from primarily Modernfold products to other related lines. 3. Increase in investment in inventory to meet demands needed by customers. 4. Keep cash on hand to meet current needs, such as carrying large amounts of Accounts Receivables when Corporation gets a sizable job.↩
9. We fully understand by looking solely to the section 534(c)↩ statement, and not the audit and appeals information, certain evidence was not reviewed by this Court in imposing the burden of proof; however, petitioner will be allowed, if it deems appropriate, to submit this evidence at trial in order to attempt to carry its burden of proof with regard to the reasonableness of accumulations.