HICKS NURSERIES, INC., Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellant.

No. 624, Docket 74-2434.

United States Court of Appeals, Second Circuit.

Argued March 13, 1975.

Decided April 30, 1975.

Arthur L. Bailey, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jonathan S. Cohen, Tax Div., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Robert Anthoine, New York City (Glenn E. Coven, Jr., New York City, on the brief), for appellee.

Before LUMBARD, MOORE and FEINBERG, Circuit Judges.

MOORE, Circuit Judge:

This appeal involves tax deficiencies asserted by the Commissioner against the appellee for the taxable years 1964–67. The total sum involved is $253,-334.29, plus interest.[1] From a decision of the Tax Court (reported at 62 T.C. 138) in favor of the taxpayer, the Commissioner has appealed. We reverse.

---

1. The annual breakdown is as follows:

| | |
|---|---|
| 1964 | $39,761.11 |
| 1965 | 60,739.36 |
| 1966 | 91,514.67 |
| 1967 | 61,319.15 |

### I.

Hicks Nurseries, Inc. ("Hicks") is a closely-held corporation organized in 1932 to succeed to the wholesale and retail nursery and landscaping business that the Hicks family had operated for over three-quarters of a century. All stock in the corporation has always been owned by members of the immediate family, relatives, and certain employees. Sometime in 1963, the shareholders of Hicks decided that it would be prudent to qualify Hicks as a "small business corporation" within the meaning of Subchapter S of the Internal Revenue Code of 1954,[2] so as to take advantage of its income tax pass-through provisions. A corporation qualified under Subchapter S does not pay the tax normally imposed at the corporate level, and instead the income of the corporation is taxed directly to the shareholders in proportion to their holdings.

One of the prerequisites of qualification under Subchapter S is that the corporation have not more than ten shareholders. Int.Rev.Code of 1954 § 1371(a)(1). In 1963 Hicks had seventeen shareholders. In an effort to reduce this number to ten, the stock of five shareholders was redeemed; twelve shareholders remained, and apparently on the advice of an accountant, four shareholders, consisting of two married couples (Mr. and Mrs. Hicks and Mr. and Mrs. Emory) transferred a single share into joint ownership with their respective spouses. Prior to that time, none of these four shareholders had owned any stock jointly, and thereafter all continued to own stock individually. It is the effect of these transfers on the number of shareholders for Subchapter S purposes that is at issue in this appeal. The transfers were made with the hope and expectation that the transfer of shares into joint ownership would result in Mr. and Mrs. Hicks together being counted as only one shareholder and Mr. and Mrs. Emory being counted as one shareholder, thereby reducing the number of shareholders from twelve to ten.

As a result of these transactions, on January 1, 1964, the ownership of Hicks was as follows:

| | | |
|---|---|---|
| Mr. Hicks | 412 | shares |
| Mrs. Hicks | 42 | " |
| Mr. & Mrs. Hicks jointly | 2 | " |
| Mr. Emory | 16 | " |
| Mrs. Emory | 46 | " |
| Mr. & Mrs. Emory jointly | 2 | " |
| 8 other shareholders | 191 | " |
| | | (aggregate) |

On January 30, 1964, Hicks duly filed an election to be taxed as a small business corporation. The ownership of the shares was set out on the face of the election form. With changes that are not relevant for purposes of this appeal, this basic ownership structure remained the same through 1967.

From 1964 to 1967 Hicks filed returns as a small business corporation and pursuant to the provisions of Subchapter S did not itself pay any federal income taxes. On December 20, 1969, following an audit, the Commissioner issued his notice of deficiency, in which he determined that Hicks did not qualify as a small business corporation because it did not meet the 10-shareholder limitation. The Commissioner proposed assessment of the regular corporate income taxes imposed by Section 11 of the Code, thereby accounting for the sums set out in footnote 1, *supra*.

### II.

The sole question we must decide is the proper manner of counting shareholders, for purposes of the 10-shareholder limitation of Section 1371(a)(1) when a husband and wife own stock jointly and both also own stock individually. The taxpayer urges that they should be counted as one shareholder. The Commissioner argues that they must be regarded as two. A starting point is in this inquiry is Section 1371(c). Enacted in 1959 as an amendment to Subchapter

---

2. 26 U.S.C. §§ 1371–1379 (1970).

S, Section 1371(c) provides in pertinent part:

> (c) *Stock Owned by Husband and Wife.*—For purposes of subsection (a)(1) stock which—
>
> .   .   .   .   .
>
> (2) is held by a husband and wife as joint tenants, tenants by the entirety, or tenants in common,
>
> shall be treated as owned by one shareholder.[3]

The statute above does not advance the inquiry very far, since it does not expressly deal with a situation in which one or both of the joint tenants also owns stock individually.[4] The regulations, however, are considerably more detailed. Section 1.1371–1(d)(2) states:

> (2) *Stock owned by husband and wife.* (i) Except as otherwise provided in this paragraph, in determining whether a corporation meets the 10-or-fewer shareholders requirement of section 1371(a)(1), stock which—
>
> .   .   .   .   .
>
> (b) is held by a husband and wife as joint tenants, tenants by the entirety or tenants in common, shall be treated as owned by one shareholder. *For this purpose, if a husband or wife owns stock in a corporation individually, and the husband and wife own other stock in the corporation jointly, the husband and wife will be considered one share-*

holder. However, if the husband and wife each owns stock in the corporation individually, they will be treated as two shareholders. . . . [Emphasis added]

Strangely, this regulation, insofar as we are aware, has never been judicially construed. On differing grounds, both parties contend that this regulation is dispositive of this appeal. In transferring 4 shares into joint ownership to reduce the number of shareholders from twelve to ten, Hicks relied on the second (italicized) sentence of subparagraph (i). That sentence unquestionably deals with a situation in which a married couple owns stock jointly and one spouse "or" the other also owns stock individually. In that instance the husband and wife are considered one shareholder. But Hicks argues that the sentence also covers the situation presented here—where *both* the husband and the wife own stock in their individual names as well as jointly. Hicks contends that "or" should be read as "and/or", as is permissible in tax regulations where the context requires such a reading.[5]

The Commissioner rejoins by asserting the second sentence applies only where one spouse owns stock individually—in essence, that "or" is used in its disjunctive sense only. Furthermore, the Commissioner contends that the third sentence of subparagraph (i) expressly controls on these facts and dictates that a

---

**3.** Before the enactment of Section 1371(c), the IRS took the position in the regulations (then in proposed form) that joint tenants or tenants in common would ordinarily be regarded as two shareholders. Except in the limited circumstances provided for in Section 1371(c)— when the tenants are husband and wife—the regulations still so provide. Regs. § 1.1371–(d)(1). *See generally* B. Bittker & J. Eustice, Federal Income Taxation of Corporations and Shareholders ¶ 6.02 at 6–5 (3rd ed. 1971).

**4.** A wholly literal reading of Section 1371(c) could lead to the conclusion that a husband and wife should be considered to be three shareholders in the circumstances of this case: the husband being counted as one shareholder, the wife another, and the "one shareholder" owner of the jointly-held stock a third shareholder. Neither party urges this interpretation

upon us and we think that it would be plainly inconsistent with Section 1371(c), which obviously seeks to *reduce* what would otherwise be regarded as the number of shareholders for jointly-held stock (see note 3 *supra*) when the stock is owned by a husband and wife. This interpretation would in fact *increase* the number of shareholders solely because of the existence of jointly-held stock.

**5.** Reg. § 1.368–2(h) provides:

> As used in Section 368, as well as in other provisions of the Internal Revenue Code, if the context so requires, the conjunction "or" connotes both the conjunctive and the disjunctive, and the singular includes the plural. For example, the provisions of the statute are complied with if "stock and securities" are received in exchange as well as if "stock or securities" are received.

couple owning stock both jointly and individually in their own names be regarded as two shareholders. Hicks, in contrast, would interpret this third sentence as applicable only when two spouses each own stock individually but have no jointly-held stock.

The Tax Court did not decide which, if either, of the conflicting interpretations urged upon it was correct. It determined simply that the taxpayer's reading of the regulation was a reasonable one. The court found no reason why, if a husband and wife owning stock jointly are to be treated as a single shareholder even if one owns stock individually, the same rule should not apply when both own it individually. As for the interpretation of the third sentence advanced by the Commissioner, the court found it "not compelling."

Because we regard the Commissioner's interpretation of the regulation to be the correct one, we are constrained to reverse. Moreover, unlike the Tax Court, we do not regard Hicks' interpretation of Section 1.1371–1(d)(2)(i) as reasonable; on the contrary, we deem it quite unreasonable, and the decision, presumably counselled by Hicks' tax advisor, to go ahead with the Subchapter S election on the basis of this interpretation without a revenue ruling or at least the advice of tax counsel was inadvisable.

In our view the third sentence of the regulation is controlling. We acknowledge that the provision is not so crystal clear as we, with the benefit of hindsight, can say it could have been. For example, the third sentence could have read: "However, if husband and wife *owning stock jointly* also each own stock individually, they will be treated as two shareholders." But the same meaning is amply conveyed by the regulation in its present form. The entire subparagraph (i) is concerned with the question of joint ownership and ownership in common. Coming right after a sentence dealing expressly with individual ownership by one spouse, the third sentence must be read as covering a situation presumably no less likely to occur, one in which both

spouses own stock individually as well as jointly. Hicks' interpretation of the regulation would make the third sentence mere surplusage. There could never be a question, in light of Sections 1371(a)(1) and 1371(c), whether a husband and wife, each of whom owns all his or her shares separately, could be deemed a single shareholder merely because they were married. Section 1371(c) expressly deals with joint tenancies, tenancies in common, and tenancies by the entirety. It clearly does not make a husband and wife a single shareholder when there is no stock owned in any of these capacities. Thus, to read the third sentence as proposed by Hicks would make it simply restate what is already obvious from the statute alone.

Even if it could be conceded that Hicks acted reasonably in deeming the third sentence inapplicable to its situation, its interpretation of the second sentence was hardly warranted. Although the sentence might withstand a reading which substituted "and/or" for "or", neither the context nor the evident policy underlying the regulation "require" such a reading. Section 1371(c)(2) provides that shares jointly held by a husband and wife are to be treated as owned by a single shareholder for purposes of Subchapter S. Conceptually one can view the second sentence of the regulation as answering the only question left open by that section, namely, what shareholder shall be deemed the owner of any such jointly-held shares. When only one spouse owns stock individually, the regulation in effect provides that ownership of any jointly-held shares shall be attributed to that spouse. This is consistent with the apparent statutory purpose to avoid counting an additional shareholder simply because of joint ownership. However, when both spouses own stock individually, it is of no consequence who will be treated as the owner of any jointly-held shares because each will be treated as a shareholder because of his or her individual holdings. To allow the interpretation advanced by Hicks would in our view appreciably alter the effect of Section 1371(c). By the token owner-

441

ship of a single share between them, a husband and wife, each of whom might own many times this number of shares, could be regarded as a single shareholder. This would be tantamount to rewriting Section 1371(c) to provide that a husband and wife will under all circumstances be regarded as only a single shareholder. This is an approach Congress could have chosen but clearly did not.

We cannot help but be aware of the equities favoring the taxpayer in this case. The shareholders could have easily taken steps to meet the strictures of Section 1371(a)(1). For example, the transfer of all the shares of one spouse into joint ownership would have sufficed to meet the requirements of the statute as amplified by the regulations.[6] We must assume that Hicks might have taken these or some other equally effective measures. But what "might have been" cannot excuse what was essentially an unreasonable interpretation of the governing tax provisions. Accordingly, the judgment of the Tax Court is reversed.

Reversed.

**6.** This could have been accomplished by transfer of a small number of shares relative to the total number outstanding. Mrs. Hicks and Mr.

Emory would have only had to transfer respectively 43 and 17 shares into joint ownership.