MANSON WESTERN CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14010–79.     Filed June 30, 1981.

*Andrew S. Garb* and *Thomas W. Henning,* for the petitioner.
*John O. Kent* and *Michael Cohen,* for the respondent.

## OPINION

TANNENWALD, *Judge*: This case is before us on respondent's motion to amend his answer to include allegations (1) that he timely mailed to petitioner a notification as described in section 534(b),[1] and (2) that petitioner did not timely respond with a statement as described in section 534(c).

The facts relevant to the instant motion are not in dispute. We shall describe only so much of this case as is necessary to an understanding of the instant motion.

Petitioner is a corporation with its principal place of business in Los Angeles, Calif. Petitioner filed its corporate Federal income tax returns for its 1974, 1975, and 1976 fiscal years with the Office of the Internal Revenue Service at Fresno, Calif.

---

[1]All section references, unless otherwise indicated, are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.

On May 15, 1979, respondent mailed a section 534(b) notification to petitioner. It read in pertinent part as follows:

We propose to issue you a Notice of Deficiency for the [fiscal 1974, 1975, and 1976] tax years for the tax that section 531 of the Internal Revenue Code requires be paid on accumulated earnings.

If you believe your earnings and profits did not accumulate beyond the reasonable needs of your business, you may submit a statement explaining your reasons and include facts sufficient to show the basis for them. We can then determine whether the Notice of Deficiency should be issued. The statement should be in triplicate, and the original must be certified as true and correct by an authorized officer of your corporation. Please submit it to us within 60 days of the date of this letter.

On June 25, 1979, respondent mailed to petitioner a notice of deficiency as proposed in the quoted letter. Petitioner at no time responded to the section 534(b) notification, but it did timely petition this Court for a redetermination of the deficiency asserted by respondent.

The general rule in this Court is that the burden of proof is upon the taxpayer. See Rule 142, Tax Court Rules of Practice and Procedure. That general rule applies to deficiencies asserted upon the basis of section 531 (see also secs. 532 and 533), subject to a legislatively created limited exception. Section 534 provides in pertinent part as follows:

(a) GENERAL RULE.—In any proceeding before the Tax Court involving a notice of deficiency based in whole or in part on the allegation that all or any part of the earnings and profits have been permitted to accumulate beyond the reasonable needs of the business, the burden of proof with respect to such allegation shall—

(1) if notification has not been sent in accordance with subsection (b), be on the Secretary, or

(2) if the taxpayer has submitted the statement described in subsection (c), be on the Secretary with respect to the grounds set forth in such statement in accordance with the provisions of such subsection.

(b) NOTIFICATION BY SECRETARY.—Before mailing the notice of deficiency referred to in subsection (a), the Secretary may send by certified mail or registered mail a notification informing the taxpayer that the proposed notice of deficiency includes an amount with respect to the accumulated earnings tax imposed by section 531.

(c) STATEMENT BY TAXPAYER.—Within such time (but not less than 30 days) after the mailing of the notification described in subsection (b) as the Secretary may prescribe by regulations,[2] the taxpayer may submit a statement of the grounds (together with facts sufficient to show the basis thereof) on which the taxpayer relies to establish that all or any part of the earnings and profits have not been permitted to accumulate beyond the reasonable needs of the business.

_____

[2] Respondent has prescribed 60 days. Sec. 1.534–2(d)(2), Income Tax Regs.

Respondent asserts that he complied with the requirements of section 534(b) and that petitioner did not comply with the requirements of section 534(c). Respondent concludes that the burden of proof will be upon petitioner to establish that its earnings and profits have not been accumulated beyond the reasonable needs of its business. See secs. 531 through 534.

Petitioner's position is simply that it should be excused from satisfying section 534(c) because respondent mailed petitioner its notice of deficiency before the section 534(c) response was due. See sec. 1.534–2(d)(2), Income Tax Regs. Petitioner argues that the response contemplated by section 534(c) is intended to allow a taxpayer to apprise respondent of reasons and supporting facts sufficient to undermine the wisdom of issuing a notice of deficiency. A section 534(c) response sent to respondent subsequent to issuance of the notice of deficiency is too late to do any good, so petitioner asserts, and therefore we should not require of petitioner that which is vain and useless.

By its own terms, section 534(b) requires no more of respondent than that he mail the notification "Before" mailing the notice of deficiency. On the other hand, there is force to petitioner's argument that the notice of deficiency should not be mailed until receipt of and reflection upon a taxpayer's section 534(c) response *or* expiration of the response period. Indeed, respondent has adopted this timetable for most situations. See Rev. Proc. 56–11, 1956–1 C.B. 1028.

The legislative history of section 534 elucidates the evils which that section was designed to eradicate. As the Senate Finance Committee observed, "The poor record of the Government in the litigated cases in this [accumulated earnings] area indicates that deficiencies have been asserted in many cases which were not adequately screened or analyzed." The committee further noted that "taxpayers were put to substantial expense and effort in proving that the accumulation was for the reasonable needs of the business" and that taxpayers complained that the accumulated earnings tax "is used as a threat * * * to induce settlement on other issues," a threat which is buttressed by "the burden of proof which the taxpayer is required to assume." In addition, the committee observed that, as to the accumulated earnings tax itself, "many small taxpayers may have yielded to a proposed deficiency because of the expense and difficulty of

litigating their case under the present rules." See S. Rept. 1622, 83d Cong., 2d Sess. 70 (1954).

A taxpayer's ability to shift the burden of proof to respondent as provided for in section 534 undercuts the threat potential of a proposed accumulated earnings and profits tax deficiency, and that is true whether the section 534(c) response is written before or after issuance of the notice of deficiency. Seen as nothing more than a bargaining chip, the section 534(c) response need not be read—only written—to be fully effective. However, it in fact was intended to be much more.

In light of the explicit congressional concern "that deficiencies have been asserted in many [accumulated earnings tax] cases which were not adequately screened or analyzed," respondent admits that part of section 534's function is to "encourag[e] the Internal Revenue Service to be more deliberate than it had been in the past." Such deliberation can result only if respondent *reads* and *considers* a taxpayer's section 534(c) response *before* issuing a notice of deficiency, and we are confident that Congress intended for respondent to do just that.[3]

In Rev. Proc. 56-11, *supra*, respondent states that "As a general rule, the deficiency notice will not be issued until the period of time * * * for submission of the [section 534(c)] statement has elapsed," subject to modification "in any case where the impending expiration of the statutory period of limitation, or similar compelling circumstances, require earlier issuance of the deficiency notice." In the instant case, respondent issued the notice of deficiency to avoid the imminent running of the statute of limitations as to 2 of the 3 years in dispute. However, respondent's section 534(b) notification did not inform petitioner of the possibility of an unusually early issuance of a notice of deficiency, nor did it cite Rev. Proc. 56-11, *supra*. In addition, respondent has not alleged that petitioner refused to execute a consent to extend the limitation period (see sec. 6501(c)(4)) (in fact, petitioner had already executed such a waiver for 1 of the years at issue), nor that the approaching deadline was the result of anything beyond respondent's own

---

[3]We note that, when a taxpayer's conduct causes respondent to believe that delay will jeopardize the assessment or collection of taxes, Congress has provided that the notice of deficiency constitutes the sec. 534(b) notification. See sec. 534(d). Had Congress intended that sec. 534 be no more than a bargaining chip, it could easily have provided that the notice of deficiency constitute the sec. 534(b) notification in *all* cases.

dilatory efforts. In short, there was no need to hurry as to taxable year involved herein, and probably no need to hurry as to any.

From the foregoing, it is clear that petitioner's arguments have much force. Nonetheless, we feel constrained to hold that section 534 must be read to provide that if respondent decides to mail a section 534(b) notification, it may be mailed at any time before issuing the notice of deficiency and that, in that event, it is incumbent upon the taxpayer to respond whether or not he has received a notice of deficiency if the taxpayer wishes to attempt to shift the burden of proof. The language of section 534 will simply bear no other construction.

Our view is reinforced by the provisions of section 534(d), relating to jeopardy assessment situations, which provide that a deficiency notice is the notification described in section 534(b) and permit the taxpayer to include its section 534(c) statement in its petition to this Court. Admittedly, this view of section 534 allows respondent to undermine the objective of that section. Indeed, respondent has recognized this consequence by providing in Rev. Proc. 56–11, *supra*, that he generally will not do so (see p. 1164 *supra*), and we expect (and we assume that Congress expects) that respondent will be true to his word. But the hard fact is that there is nothing in section 534 which permits the issuance of a deficiency notice to excuse the taxpayer from observing the requirements as to the time within which its section 534(c) statement should be filed.

Although we are satisfied that the issuance of a· notice of deficiency does not dispense with the obligation of a taxpayer to submit a section 534(c) statement if it wishes to attempt to shift the burden of proof and that this rule should henceforth be applied (see generally *Hicks Nurseries, Inc. v. Commissioner*, 62 T.C. 138, 143 (1974), revd. on other grounds 517 F.2d 437 (2d Cir. 1975)), we are constrained to fashion a modification to meet the particular factual situation herein. At the time the deficiency notice was issued, some 20 days remained of the 60-day period specified in respondent's notification. Petitioner herein quite reasonably believed that respondent's actions had excused it from writing what it believed to be a meaningless letter, and this belief was strongly supported by respondent's section 534(b) notification. Compare *Miller v. United States*, 500 F.2d 1007 (2d Cir. 1974); *Exchange & Savings Bank of Berlin v. United States*,

226 F. Supp. 56 (D. Md. 1964). Although it is true that Rev. Proc. 56–11, *supra*, might have warned this petitioner of an anticipatory notice of deficiency, respondent's section 534(b) notification did not refer to that revenue procedure but instead served only to confuse. Cf. *Corn Belt Hatcheries of Arkansas, Inc. v. Commissioner*, 52 T.C. 636, 639–640 (1969). Moreover, respondent's stated position in Rev. Proc. 56–11, *supra*, with respect to modification of his general rule as to the issuance of a deficiency notice does not apply to 1 of the 3 taxable years in dispute.

Because respondent issued the notice of deficiency before petitioner's section 534(c) response was due, respondent will not be prejudiced if we afford this petitioner an opportunity to submit that response now. Cf. *Bell Fibre Products Corp. v. Commissioner*, 65 T.C. 753, 763 n. 6 (1976), and cases cited thereat. We feel the appropriate disposition is to deny respondent's motion and allow this petitioner to submit to respondent (filing a copy with the Court) its section 534(c) response within 30 days after service of the order hereinafter provided for, i.e., the period of time equal to that of its section 534(c) response time which remained when respondent issued the notice of deficiency, plus 10 days to allow for mailing time. Obviously, the question of location of the burden of proof will have to abide the event of such submission and a determination of the sufficiency of the statement.[4]

*An appropriate order will be issued.*

---

[4] If such a statement is not timely submitted, the burden of proof of course will remain with petitioner.