T.C. Memo. 1995-556


UNITED STATES TAX COURT


WINDSOR PRODUCTION CORPORATION, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27654-91.                    Filed November 21, 1995.


Kenneth W. Gideon, Gregory P. Joseph, Sheldon S. Cohen,

Ellen K. Harrison, Mark S. Bader, B. John Williams, Jr., John F.

Coverdale, and Ruth E. Kent, for petitioner.

Lindsey D. Stellwagen and Chalmers W. Poston, Jr., for

respondent.


MEMORANDUM OPINION

COLVIN, Judge: This matter is before the Court on

petitioner's motion for litigation costs under section 7430[1] and

---

[1] Section references are to the Internal Revenue Code in
(continued...)

Rule 231.  Respondent concedes that petitioner meets all of the requirements for an award of litigation costs under section 7430 except whether respondent's position in the underlying proceeding was substantially justified.  For reasons discussed below, we hold that respondent's position was not substantially justified.

The parties submitted memoranda and affidavits supporting their positions.  We decide the motion based on the memoranda and affidavits provided by the parties.  Neither party requested a hearing, and respondent stated that no hearing is required.  There are no significant factual disputes.  We conclude that a hearing is not necessary to properly decide this motion.  Rule 232(a)(3).                    Background

1.  Petitioner and the Underlying Tax Case

Petitioner was a closely held corporation the principal place of business of which was in New York when it filed its petition.  Petitioner was in the oil, gas, film and television business during the years in issue.

Petitioner's underlying case was decided at Saltzman v. Commissioner, T.C. Memo. 1994-641.  Several consolidated cases were decided by that opinion.  The primary issue involving petitioner was whether it was liable for accumulated earnings tax under section 531.

---

[1](...continued)
effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner's shareholders and board of directors met on December 1, 1987. The minutes of that meeting show that petitioner would probably need to plug 38 wells at a cost of between $10,000 and $40,000 per well. The minutes also show that petitioner had begun negotiations to buy oil or gas projects which required initial investments as follows: $130,000 for Kelso; $450,000 for Quail Creek; $375,000 for Boren; and $760,000 for Turkey Creek. The board allocated $1 million to plug wells and acquire new projects.

2. Revenue Agent's Contacts with Petitioner's Representatives

Richard Saul (Saul), respondent's revenue agent assigned to this case, worked closely with Leonard Hochheiser (Hochheiser), petitioner's representative. On October 5, 1989, Saul asked Hochheiser for a copy of petitioner's tax returns for 1986 and 1987. Hochheiser gave those returns to Saul on November 10, 1989. On January 3, 1991, Saul asked Hochheiser to agree to extend the time to assess tax for petitioner's 1987 year. Saul received a letter on February 4, 1991, in which Hochheiser declined. On February 6, 1991, Saul met with Hochheiser and discussed petitioner's business generally and the audit. Saul briefly mentioned section 531 as an issue to be considered. He did not ask petitioner's owners or Hochheiser whether petitioner needed to accumulate earnings or had plans to expand. Hochheiser did not say whether petitioner had plans to expand.

On June 13, 1991, respondent notified petitioner in writing that petitioner was under audit for fiscal years 1987, 1988, and 1989. On June 14, 1991, Saul sent petitioner an Information Document Request (IDR). In it, Saul noted that the only issue Saul was considering was the amortization of film rights for 1987 to 1990. The IDR led petitioner to believe that respondent would not pursue the section 531 issue. Saul did not consider asserting section 531 against petitioner then because he did not believe the section 531 issue was strong for respondent. Saul told Hochheiser that he leaned against pursuing the section 531 issue. However, after meeting with a reviewer in early August 1991, Saul concluded that respondent should assert the section 531 issue against petitioner on the assumption that Windsor had substantial liquidity and no plans to expand and because Hochheiser did not mention expansion plans after Saul briefly mentioned section 531. Saul did not ask petitioner's owners or Hochheiser about whether petitioner needed to accumulate earnings. Saul did not ask to see petitioner's board minutes.

On August 19, 1991, Saul told Hochheiser that he would assert the section 531 issue because he believed petitioner had no reasonable needs to accumulate earnings and the 3-year period to assess tax was about to expire. On August 29, 1991, respondent issued notices to petitioner under section 534(b) proposing to assert accumulated earnings tax for each year in issue. On August 30, 1991, respondent issued a notice of

deficiency to petitioner.  The accumulated earnings tax issue was the primary adjustment determined by respondent.  Respondent determined that petitioner had accumulated excess taxable income of $116,291 in 1987, $76,275 in 1988, and $143,917 in 1989 that was taxable under section 531.

On October 23, 1991, petitioner submitted a statement under section 534(c) detailing its plans to expand its oil, gas, film, and television businesses.  Petitioner attached copies of corporate minutes to verify the amounts of accumulated earnings needed for each of petitioner's expansion programs.  Petitioner also stated that it needed a reserve for contingent liabilities from an NFC Oil Co. lawsuit settled in 1988, environmental liabilities including plugging oil wells, and breach of contract and copyright violations.  Petitioner attached copies of corporate minutes to verify the amounts it needed for these reserves.

On November 27, 1991, petitioner filed the petition in this case.  In it, petitioner denied that it was subject to the accumulated earnings tax and referred to the section 534(c) statement it filed in which it stated its needs to accumulate earnings.

Respondent filed the answer on January 27, 1992, and an amended answer on February 24, 1992.  Respondent alleged that petitioner's section 534(c) statement was not sufficient.

Respondent conceded the accumulated earnings tax issue after trial and after petitioner filed its opening brief.

## Discussion

1.  Motion for Litigation Costs:  Introduction

Generally, a taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable litigation costs. Sec. 7430(a)(2).  To be entitled to an award, the taxpayer must:

(a)  Exhaust administrative remedies.  Sec. 7430(b)(1). Respondent concedes that petitioner meets this requirement.

(b)  Substantially prevail with respect to the amount in controversy.  Sec. 7430(c)(4)(A)(ii)(I).  Respondent concedes that petitioner meets this requirement.

(c)  Show that the position of the United States in the action was not substantially justified.  Sec. 7430(c)(4)(A)(i) (1988).  Respondent contends that petitioner does not meet this requirement.  Petitioner contends and we hold that petitioner meets this requirement.

(d)  Be an individual whose net worth did not exceed $2,000,000, or an owner of an unincorporated business, or any partnership, corporation, etc., the net worth of which did not exceed $7,000,000, when the petition was filed.  Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B).  Respondent concedes that petitioner meets this requirement.

(e)  Establish that the amount of costs and attorney's fees claimed by petitioner is reasonable.  Sec. 7430(a), (c)(1).

Respondent concedes that petitioner meets this requirement.

A taxpayer has the burden of proving that it meets each requirement before the Court may order an award of litigation and administration costs under section 7430. Rule 232(e); Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993), Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990); Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

A taxpayer must establish that the position of the United States in the litigation was not substantially justified to be entitled to an award for administrative or litigation costs. Sec. 7430(c)(4)(A)(i). The position of the United States is the position taken by respondent: (a) In the court proceeding, and (b) in the administrative proceeding as of the earlier of, (i) the date the taxpayer receives the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency. Sec. 7430(c)(7). Here, petitioner did not receive a notice of decision from respondent's Appeals office. Respondent's position in the notice of deficiency, the answer, throughout trial, and until petitioner filed its posttrial brief, was that petitioner accumulated earnings beyond its reasonable business needs. Thus, respondent's position in both the administrative and the judicial proceeding was that taken in the notice of deficiency for purposes of section 7430. Accordingly, we must decide whether respondent's position was

substantially justified when respondent issued the notice of deficiency and when respondent filed the answer in this case.

2.  <u>Whether Respondent's Position That Petitioner Accumulated Earnings Beyond Its Reasonable Business Needs Was Substantially Justified</u>

    a.  <u>Background</u>

The Equal Access to Justice Act's substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person. <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). That standard applies to motions for litigation costs under section 7430. <u>Nicholson v. Commissioner</u>, 60 F.3d 1020, 1026 (3d Cir. 1995), revg. T.C. Memo. 1994-280; <u>Comer Family Equity Pure Trust v. Commissioner</u>, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. T.C. Memo. 1990-316; <u>Powers v. Commissioner</u>, 100 T.C. 457, 470 (1993), affd. on this issue and revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995). To be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact.[2] <u>Pierce v. Underwood</u>, <u>supra</u>; <u>Hanover Bldg. Matls., Inc. v. Guiffrida</u>, 748 F.2d 1011, 1015 (5th Cir. 1984); <u>Powers v. Commissioner</u>, <u>supra</u> at 473. For a position to be substantially justified, there must be "substantial evidence" to support it.

---

[2] Respondent recognizes that this is the controlling standard at issue in this case. On brief respondent states: "To determine whether respondent acted reasonably, the Court must consider whether respondent's position had a reasonable basis both in law and fact. <u>Pierce v. Underwood</u>, 487 U.S. 552, 564 (1988); <u>Powers v. Commissioner</u>, 100 T.C. 457, 470 (1993)."

Pierce v. Underwood, supra at 564-565; Powers v. Commissioner, supra at 473.

The fact that the Commissioner eventually loses or concedes the case does not in itself establish that a position is unreasonable.  Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992), revg. an unpublished Order of this Court.  However, it is a factor to be considered.  Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra at 471. The taxpayer need not show bad faith to establish that the Commissioner's position was not substantially justified for purposes of a motion for litigation costs under section 7430. Estate of Perry v. Commissioner, supra; Powers v. Commissioner, supra.

b.    Respondent's Claimed Basis in Fact

A taxpayer is liable for accumulated earnings tax if it is formed or availed of to avoid income tax for its shareholders by permitting earnings and profits to accumulate instead of being divided or distributed.  Sec. 532(a), Hughes, Inc. v. Commissioner, 90 T.C. 1, 15 (1988).  The most important factor in deciding if the accumulated earnings tax applies is whether a corporation accumulated earnings and profits beyond the reasonable needs of the business.  United States v. Donruss Co.,

393 U.S. 297, 307 (1969); Technalysis Corp. v. Commissioner, 101 T.C. 397, 403 (1993).

Respondent contends that there was a reasonable basis in fact for the position in the notice of deficiency and the answer because respondent knew the following facts before issuing the notice of deficiency: (i) Petitioner had passive assets such as certificates of deposit; (ii) petitioner had investments unrelated to its oil and gas operations; (iii) petitioner had a steady cash-flow from film rights; (iv) petitioner paid Arnold Saltzman a $30,000 dividend in 1989; and (v) petitioner paid management fees to Arnold Saltzman. We do not believe that these facts provide a reasonable basis in fact for respondent's position. Respondent does not state the amounts of petitioner's liquid assets. Respondent alleged in the answer that petitioner had accumulated liquid assets worth more than $500,000 in each year in issue. Respondent might have been referring to amounts in petitioner's Federal corporate tax returns for the years in issue. Petitioner reported "other investments" of $748,771 on its tax returns for 1987, $779,913 for 1988, and $729,419 for 1989. However, the only way to know if these amounts are excessive is to compare them to petitioner's business plans. Respondent lacked a basis in fact for applying the accumulated earnings tax because respondent had no facts about petitioner's business plans.

The fact that petitioner had a steady cash-flow from its film rights, without more, does not provide a basis for respondent's position that petitioner unreasonably accumulated income.  The fact that petitioner paid dividends and management fees to Arnold Saltzman, without more, does not provide a basis for respondent's position.  Respondent does not state how much petitioner paid to Arnold Saltzman, nor does respondent say how an expense by a business shows that the business accumulated too much.  We conclude that the facts known to respondent do not provide a reasonable basis in fact for respondent's position in the notice of deficiency.  After respondent issued the notice of deficiency, petitioner filed its statement under section 534(c) explaining its reasons to accumulate earnings.  Respondent does not claim to rely on different facts for the answer than those upon which respondent relied in the notice of deficiency.  We conclude that the facts known to respondent do not provide a reasonable basis for respondent's position.

c.    Effect of Burden of Proof

Respondent claims to be substantially justified in determining that petitioner is liable for the accumulated earnings tax because petitioner has the burden of proof.  We disagree.  The fact that petitioner bears the burden of proof does not give respondent a basis in fact or establish that respondent's position is substantially justified.  Powers v.

Commissioner, supra at 472-474; Williford v. Commissioner, T.C. Memo. 1994-135.

    d.    Respondent's Lack of Diligence

Respondent erroneously assumed that petitioner had no reasonable business needs to accumulate earnings or plans to expand which would justify accumulations.  Respondent did not ask to see petitioner's records or otherwise investigate petitioner's needs to accumulate funds before issuing the notice of deficiency.  On July 1, 1981, Saul believed that the accumulated earnings issue was not strong for respondent.  He told Hochheiser that respondent would not pursue the accumulated earnings issue. The Commissioner did not have a reasonable basis in fact and law without diligently investigating the case.  Nicholson v. Commissioner, 60 F.3d at 1029; Lennox v. Commissioner, 998 F.2d 244, 248 (5th Cir. 1993), revg. and remanding T.C. Memo. 1992-382; United States v. Estridge, 797 F.2d 1454, 1458 (8th Cir. 1986); Powers v. Commissioner, 100 T.C. at 473.

The fact that respondent issued the accumulated earnings tax notice under section 534(b) 1 day before respondent issued the notice of deficiency suggests that respondent was not seriously interested in investigating the accumulated earnings tax issue.[3]

---

[3] Sec. 534(b) provides:

    Before mailing the notice of deficiency referred to in subsection (a), the Secretary may send by certified mail or registered mail a notification informing the
                                        (continued...)

Section 534(c) is designed to enable a taxpayer to respond to the Commissioner's section 534(b) notification before the Commissioner determines a deficiency. <u>Manson W. Corp. v. Commissioner</u>, 76 T.C. 1161, 1164 (1981). In that case we said:

> [The Commissioner] admits that part of section 534's function is to "encourag[e] the Internal Revenue Service to be more deliberate than it had been in the past." Such deliberation can result only if respondent <u>reads</u> and <u>considers</u> a taxpayer's section 534(c) response <u>before</u> issuing a notice of deficiency, and we are confident that Congress intended for respondent to do just that. [<u>Id.</u>; fn. ref. omitted.]

Respondent failed to request information about petitioner's needs to accumulate earnings even though Hochheiser gave copies of petitioner's tax returns to Saul in November of 1989 and Saul knew in February 1991 that petitioner would not agree to extend the time to assess tax. We conclude that respondent did not diligently investigate this case before issuing the notice of deficiency or filing the answer.

---

[3](...continued)
taxpayer that the proposed notice of deficiency includes an amount with respect to the accumulated earnings tax imposed by section 531.

Sec. 534(c) provides:

Within such time (but not less than 30 days) after the mailing of the notification described in subsection (b) as the Secretary may prescribe by regulations, the taxpayer may submit a statement of the grounds (together with facts sufficient to show the basis thereof) on which the taxpayer relies to establish that all or any part of the earnings and profits have not been permitted to accumulate beyond the reasonable needs of the business.

e.   Whether Respondent's Desire to Have a Trial Bars an Award of Litigation Fees

Respondent contends that trial was needed so respondent could assess the probative value, admissibility of testimony and documents offered by petitioner to prove its business needs. For example, respondent wanted to assess Arnold Saltzman's credibility at trial.  Respondent argues that until respondent conceded the accumulated earnings tax issues, respondent's litigating position was substantially justified because this case could only be resolved by examining the facts and circumstances, including assessing the credibility of the witnesses.  We disagree.  The Government is not automatically excused from having a reasonable basis in fact in cases where facts and witnesses' credibility are in dispute.

Respondent cites Richman v. Commissioner, T.C. Memo. 1994-140 for the proposition that respondent's position is substantially justified where the issues are factual and depend on a determination of credibility.  This is not what we held in Richman.  In Richman, the Commissioner determined that the taxpayer fraudulently omitted interest income.  We held that the Commissioner had a reasonable basis in fact because, when respondent issued the notice of deficiency, respondent knew that the taxpayer used an incorrect Social Security number on his account statements, and the account statements contained a notice

that the amount of interest would be reported to the Internal Revenue Service.  Id.

Respondent contends that respondent was substantially justified in asserting the accumulated earnings issue because petitioner did not provide documents relevant to that issue in its protest letter dated May 15, 1991.  We disagree.  Respondent first proposed to assert the accumulated earnings issue in August 1991.  It is unreasonable to fault petitioner for not anticipating that respondent would raise the accumulated earnings issue later.

Respondent contends that petitioner acknowledged the need for trial in its motion to shift the burden of proof to respondent.  We disagree; petitioner's motion to shift the burden of proof did not state that trial was needed.  Rather, petitioner asserted that respondent should bear the burden of proof if the matter went to trial.

Respondent contends that petitioner admitted that trial was needed by proposing 65 findings of fact after trial.  We disagree.  Petitioner properly proposed findings of fact in its posttrial brief.  This has no bearing on whether respondent's position was substantially justified.

Respondent argues that respondent's position was substantially justified because

> In response to discovery, petitioners represented
> that they had produced all documents establishing the
> allegations in their petition; but in fact not all of

the documents were produced and identified until after respondent filed her response to Petitioner's Motion For An Order To Show Cause Pursuant to Rule 91(f).

Respondent points out that respondent had objected to petitioner's motion under Rule 91(f) to compel stipulation in part because respondent had not seen many of the documents that petitioner proposed to be stipulated. These facts could not provide a basis in fact for respondent's position when the notice of deficiency was issued or the answer was filed. We conclude that the documents that petitioner sought to include in a proposed stipulation do not show that trial was needed or otherwise substantially justify respondent's position.

f.    Whether Petitioner Must Show That Respondent Had Neither a Basis In Fact Nor a Basis in Law

Respondent contends that to establish that the position of the United States was not substantially justified, petitioner must show that legal precedent does not substantially support respondent's position given the facts reasonably available to respondent. Respondent contends that petitioner has failed to do this. We disagree. As discussed above, facts about petitioner's need to accumulate earnings were reasonably available to respondent if respondent had investigated the issue. Respondent failed to make such an investigation. In the circumstances, we conclude that respondent had insufficient knowledge of the facts of the case to render respondent's

position substantially justified.  <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988); <u>Powers v. Commissioner</u>, 100 T.C. 457, 472 (1993).

3.  <u>Conclusion</u>

We conclude that respondent's position was not substantially justified when respondent issued the notice of deficiency or filed the answer.

To reflect the foregoing,

<u>An order will be issued granting petitioner's motion for an award of litigation costs</u>.