T.C. Memo. 1996-476


UNITED STATES TAX COURT


LEON L. SICARD AND ELEANOR SICARD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11870-93.                    Filed October 22, 1996.


<u>Jonathan B. Dubitzky</u> and <u>Jesse M. Fried</u>, for petitioners.

<u>David M. Brodsky</u> and <u>Madlyn B. Coyne</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>: The instant matter is before us on
petitioners' motion for reasonable administrative and litigation
costs pursuant to section 7430 and Rule 231.  Unless otherwise
noted, all section references are to the Internal Revenue Code
(Code) in effect at the relevant times, and all Rule references

are to the Tax Court Rules of Practice and Procedure. Neither party has requested a hearing on petitioners' motion. Accordingly, we rule on petitioners' motion based on the parties' submissions and the record in the instant case as a whole. We incorporate by reference herein the portions of our opinion on the merits in the instant case, Sicard v. Commissioner, T.C. Memo. 1996-173, that are relevant to our disposition of the motion.

On April 10, 1996, we issued our opinion in Sicard, in which we held that a payment received by petitioner Leon Sicard (petitioner) during 1987 from the White-Sicard Co. partnership (partnership), of which he was a partner, was a guaranteed payment within the meaning of section 707(c) and was therefore includable in his income during the years that it was accrued by the partnership.[1] The years during which the guaranteed payment was accrued by the partnership were closed at the time the notice of deficiency in the instant case was issued to petitioners, and we did not sustain respondent's determination that the payment was includable in income for the year during which it was received. The payment was not included in petitioner's income

---

[1] The partnership used the accrual method of accounting, while petitioner used the cash method. A guaranteed payment is includable in a partner's income for the partner's taxable year during which the payment is taken into account pursuant to the partnership's method of accounting. Pratt v. Commissioner, 64 T.C. 203, 212-214 (1975), affd. in part and revd. in part on another issue 550 F.2d 1023 (5th Cir. 1977).

during the years when it was accrued by the partnership because of an oversight on the part of the accountants for the partnership and petitioner.

In general, section 7430(a) provides for the award of reasonable administrative and litigation costs to a taxpayer who is a prevailing party in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Code. To be a "prevailing party" a taxpayer must establish that: (1) The position of the United States was not substantially justified; (2) the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented; and (3) as pertinent to the instant matter, the taxpayer met the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (1994) at the time the petition in the case was filed. Sec. 7430(c)(4)(A). Additionally, an award of litigation costs may be made only where a taxpayer has exhausted available administrative remedies, sec. 7430(b)(1), and no award of costs may be made with respect to any portion of an administrative or judicial proceeding that the taxpayer has unreasonably protracted, sec. 7430(b)(4). Moreover, the costs claimed must be reasonable in amount. Sec. 7430(c).

Petitioners bear the burden of proving that each of the foregoing requirements has been satisfied.[2] Rule 232(e). The requirements are conjunctive, and failure to prove any one will preclude an award of costs to petitioners. <u>Minahan v. Commissioner</u>, 88 T.C. 492, 497 (1987).

Respondent contends that petitioners have not shown that the position of the United States was not substantially justified and that the amount of attorney's fees claimed is not reasonable because the applicable cost of living adjustment (COLA) was improperly calculated. Respondent concedes that petitioners have satisfied the other requirements for the award of reasonable administrative and litigation costs. We shall first consider whether respondent's position was substantially justified.

A position is substantially justified if it is justified to a degree that could satisfy a reasonable person and has a reasonable basis in both fact and law. <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988); <u>Nalle v. Commissioner</u>, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182; <u>Swanson v. Commissioner</u>, 106 T.C. 76, 86 (1996). The determination of reasonableness is based on all of the facts and circumstances surrounding the proceedings. <u>Nalle v. Commissioner</u>, <u>supra</u> at

---

[2] Because the relevant proceedings in the instant case were commenced prior to the date of enactment of the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463 (1996), respondent does not bear the burden of proving that the position of the United States was substantially justified.

191.  A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Pierce v. Underwood, supra at 564-565.  The inquiry must be based on the facts reasonably available to the Commissioner when the position was maintained.  Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 689 (1990).  The fact that the Commissioner loses on the merits does not establish that a position was not substantially justified, but it is a factor to be considered.  Nalle v. Commissioner, supra at 192; Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, 100 T.C. 457, 471 (1993).  The failure of the evidence favoring the Commissioner's position to persuade the trier of fact does not mean that the Commissioner's position did not have a reasonable basis in fact unless that evidence is unusually scanty or unworthy of belief.  VanderPol v. Commissioner, 91 T.C. 367, 370 (1988).  The Commissioner cannot escape an award of costs pursuant to section 7430 simply because a case presents questions of fact, Minahan v. Commissioner, supra at 500-502, or of witness credibility, Windsor Production Corp. v. Commissioner, T.C. Memo. 1995-556.  A position is not substantially justified in law if legal precedent does not substantially support the Commissioner's position given the facts available to the Commissioner.  Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 688.

For purposes of petitioners' motion, respondent took a position in the administrative proceeding when the statutory notice of deficiency was issued to petitioners on March 11, 1993, sec. 7430(c)(7)(B), and in the court proceeding when the answer to the petition was filed on July 26, 1993, Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144.  Although ordinarily the reasonableness of each of those positions is considered separately to allow respondent to change her position, id. at 1144-1147, it appears that respondent took the same position in both the notice and the answer.  In the instant case, respondent determined that the payment in question, which petitioner received from the partnership during 1987, was taxable in that year.  In the answer, respondent denied petitioners' allegations that the payment represented a guaranteed payment that was taxable to petitioner in the years when the payment was accrued by the partnership pursuant to section 707(c) and the regulations thereunder.

At those times, respondent argued that the payment in question was a payment governed by section 707(a) that was taxable when received, and that the duty of consistency barred petitioners from contending that the payment was taxable in closed years.  Petitioners contend that those positions were not substantially justified based on the facts in the record and the applicable law.  Those arguments were abandoned by respondent 2

weeks prior to trial, and, at trial, respondent instead argued that petitioner had implicitly adopted the cash method of accounting for the payment in question. Respondent refers to the change of theories as a "narrowing" of positions resulting from development of facts through discovery after the court proceeding was commenced and suggests that respondent maintained a range of positions that included the accounting method theory during the administrative and court proceedings in the instant case. In the arguments opposing the motion, respondent barely mentions the initial arguments, essentially abandons any attempt to defend them,[3] and relies on the argument ultimately asserted at trial in order to show that the position of the United States in the instant case was substantially justified.

We treat respondent as having conceded that the arguments with respect to section 707(a) and the duty of consistency that were maintained when the notice was issued and the answer was filed were not substantially justified. Moreover, although we are not inclined to accept that the theory respondent put forth at trial was included in respondent's position from the outset of the proceedings, even if we were to assume that it was, we would not find respondent's position substantially justified.

---

[3]    We note that respondent never pleaded the duty of consistency as an affirmative defense in the proceeding before this Court, as required by Rule 39.

As noted above, respondent decided to rely exclusively on the accounting method theory 2 weeks prior to the trial of the instant case, after petitioners had complied with respondent's discovery requests and respondent had rejected petitioners' offers to settle the case.[4]  Although respondent claims that the change constituted a "narrowing" of theories that resulted from development of the facts through discovery during the course of the Tax Court proceeding, respondent does not set forth any specific facts that prompted the change when respondent became aware of them, and petitioners contend that no facts were developed that would form the basis of a new position. Petitioners allege, and respondent does not deny, that the theory respondent ultimately advanced at trial was adopted shortly after it was suggested to respondent's counsel by "IRS experts in Washington".

Petitioners also allege, and respondent does not deny, that, on the day when respondent informed petitioners' counsel that respondent would rely on the accounting method theory, respondent's counsel acknowledged that her research on it was

[4]    Respondent indicates that the case was not settled because certain facts crucial to petitioners' claims were only established by petitioner's testimony at trial and that petitioners' ability to establish those facts turned on petitioner's credibility.  Respondent has not suggested that the information contained in petitioner's testimony was not available prior to the trial.  Moreover, respondent's abandonment 2 weeks prior to trial of the contention that the payment in issue was not a guaranteed payment suggests that respondent believed that petitioners would be able to establish that claim.

incomplete because of the need to prepare a draft stipulation of facts for trial. This circumstance indicates to us that the change in theory was not fully considered when it was put forward and was hastily made when the weakness of respondent's initial arguments was exposed. The circumstances of the change suggest the presence of an unreasonable "'litigate now, think later' mentality" on respondent's part. Beaty v. United States, 937 F.2d 288, 293 (6th Cir. 1991).

The facts in the instant case support petitioners' contention that the payment in question was a guaranteed payment; they do not support respondent's contention that petitioner had adopted the cash method of accounting for the payment. The record establishes that the payment was not included in petitioner's income when the partnership accrued it due to an oversight on the part of the accountants for the partnership and petitioner; it does not suggest that petitioner consciously adopted a cash method of accounting for the payment. Although respondent relies on the circumstances surrounding the failure to report the payment in the years when it was accrued by the partnership to show the reasonableness of the accounting method theory, respondent has not cited any authority that supports the position that a taxpayer could be held to have adopted a method of accounting given the circumstances presented in the instant case.

The case principally relied on by respondent, <u>Diebold, Inc. v. United States</u>, 891 F.2d 1579 (Fed. Cir. 1989), is distinguishable on its facts and did not involve a question of the adoption of a method of accounting in circumstances analogous to those presented in the instant case.[5]  Furthermore, petitioners' counsel informed respondent prior to trial of a memorandum opinion of this Court (<u>Evans v. Commissioner</u>, T.C. Memo. 1988-228) that held that a taxpayer did not adopt a method of accounting where the taxpayer erroneously reported items of income and did not consciously adopt the method.  Respondent did not attempt to distinguish, or even discuss, that case in the posttrial briefs filed in the instant case.  Moreover, as noted in our opinion on the merits, petitioner's use of the cash method to report the payments would have been contrary to the law governing the taxation of guaranteed payments, and such a method would not have been binding on petitioner even if he had adopted it.  <u>Sicard v. Commissioner</u>, T.C. Memo. 1996-173.  Consequently, we conclude that respondent's accounting method theory was unreasonable and that therefore respondent's position in the instant case was not substantially justified.  <u>Nalle v. Commissioner</u>, 55 F.3d at 191-193.

Respondent also objects to the date from which petitioners calculated the COLA applicable to the award of attorney's fees

---

[5]    A revenue ruling relied on by respondent, Rev. Rul. 90-38, 1990-1 C.B. 57, is similarly distinguishable.

pursuant to section 7430.  Petitioners calculated the COLA from 1981, but respondent contends that the COLA should be calculated from January 1, 1986.  October 1, 1981, and January 1, 1986, are the respective dates on which COLA's were provided pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412 (1994), and section 7430.  Swanson v. Commissioner, 106 T.C. at 100.  Section 7430 has its roots in the EAJA, and, during 1986, Congress amended that section to conform it more closely to the EAJA, adopting the EAJA's $75 per hour limitation on attorney's fees and the EAJA's existing COLA language.  Bayer v. Commissioner, 98 T.C. 19, 24 (1992).  We recently discussed the question of the appropriate date from which the COLA applicable to awards of attorney's fees should be calculated as follows:

> Our position on this issue was addressed in Bayer v. Commissioner, 98 T.C. 19 (1992), where we concluded that Congress, in providing for cost of living adjustments in section 7430, intended the computation to start on the same date the COLA's were started under the EAJA; i.e. October 1, 1981.  Citing Lawrence v. Commissioner, 27 T.C. 713 (1957), revd. on other grounds 258 F.2d 562 (9th Cir. 1958), we stated that we would continue to use 1981 as the correct year for making the COLA calculation, unless, of course, the Court of Appeals to which appeal lay had held otherwise.  [Swanson v. Commissioner, supra at 100; citations omitted.]

As noted in our opinion on the merits, petitioners resided in Hampton, New Hampshire, at the time they filed their petition.  Consequently, the instant case is appealable to the U.S. Court of Appeals for the First Circuit, which has not addressed the question of whether the COLA adjustment is to be made from 1981

or 1986.  Accordingly, we shall follow our holding in <u>Bayer v. Commissioner</u>, <u>supra</u>, and conclude that the applicable date from which the COLA adjustment is to be made is October 1, 1981.

Accordingly, we find the amount of costs requested by petitioners, after taking into account the modifications to which the parties have agreed,[6] is reasonable and award petitioners administrative and litigation costs in the amount of $74,044.35.[7]

To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered</u>.

---

[6]    The parties have agreed that the amount of costs claimed by petitioners should be reduced by $3,555.85.

[7]    The amount awarded includes the costs related to petitioners' motion.  Where respondent's position justifies the recovery of costs, any reasonable fees to recover those costs are themselves recoverable.  <u>INS v. Jean</u>, 496 U.S. 154, 162-166 (1990); <u>Huffman v. Commissioner</u>, 978 F.2d 1139, 1148-1149 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144; <u>Powers v. Commissioner</u>, 100 T.C. 457, 492 (1993).