T.C. Memo. 1997-402


UNITED STATES TAX COURT


EUGENE J. PHILLIPS AND BARBARA A. PHILLIPS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8990-95.                    Filed September 10, 1997.


<u>Thomas J. Hall</u> and <u>Neil V. Birkhoff</u>, for petitioners.

<u>John C. McDougal</u>, for respondent.


MEMORANDUM OPINION

WELLS, <u>Judge</u>: The instant matter is before us on
petitioners' motion for reasonable litigation costs pursuant to
section 7430 and Rule 231.  Unless otherwise noted, all section
references are to the Internal Revenue Code in effect at the
relevant times, and all Rule references are to the Tax Court

Rules of Practice and Procedure. Neither party has requested a hearing on petitioners' motion. Accordingly, we rule on petitioners' motion on the basis of the parties' submissions and the record in the instant case as a whole. We incorporate by reference herein the portions of our opinion on the merits in the instant case, Phillips v. Commissioner, T.C. Memo. 1997-128, that are relevant to our disposition of the motion.

On March 11, 1997, we issued our opinion on the substantive issues in the instant case. We found that petitioners engaged in their horse activity for profit and, accordingly, held that petitioners were entitled to deduct their horse activity expenses in excess of activity income for the years in issue.

Generally, section 7430(a) provides for the award of reasonable administrative and litigation costs to a taxpayer who is a prevailing party in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Code. To be a "prevailing party", a taxpayer must establish that: (1) The position of the United States was not substantially justified; (2) the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented; and (3) as pertinent to the instant matter, the taxpayer met the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (1994) at the time the petition in the case was filed. Sec. 7430(c)(4)(A). Additionally, an award of litigation

costs may be made only where a taxpayer has exhausted available administrative remedies, sec. 7430(b)(1), and no award of costs may be made with respect to any portion of an administrative or judicial proceeding that the taxpayer has unreasonably protracted, sec. 7430(b)(4). Moreover, the costs claimed must be reasonable in amount. Sec. 7430(c).

Petitioners bear the burden of proving that each of the foregoing requirements has been satisfied.[1] Rule 232(e). The requirements are conjunctive, and failure to prove any one will preclude an award of costs to petitioners. Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

Respondent contends that petitioners have not shown that the position of the United States was not substantially justified and that the amount of attorney's fees claimed is reasonable. Respondent concedes that petitioners have satisfied the other

---

[1] References to sec. 7430 in this opinion are to that section as amended by sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752 (effective for proceedings commenced after Dec. 31, 1985), and by sec. 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746 (effective with respect to proceedings commenced after Nov. 10, 1988). Sec. 7430 was amended by the Taxpayer Bill of Rights 2 (TBR2), Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463-1464 (1996), effective with respect to proceedings commenced after July 30, 1996. The amendments to the section place on the Commissioner the burden of establishing that the position of the Commissioner was substantially justified. Sec. 7430(c)(4)(B). A judicial proceeding is commenced in this Court with the filing of a petition. Rule 20(a). Petitioners filed their petition on May 30, 1995. Accordingly, the amendments to sec. 7430 enacted by TBR2 do not apply here. Maggie Management Co. v. Commissioner, 108 T.C. 430 (1997); Schlicher v. Commissioner, T.C. Memo. 1997-163; Sicard v. Commissioner, T.C. Memo. 1996-476.

requirements for the award of reasonable litigation costs.  We shall first consider whether respondent's position was substantially justified.

A position is substantially justified if it is justified to a degree that could satisfy a reasonable person and has a reasonable basis in both fact and law.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182; Swanson v. Commissioner, 106 T.C. 76, 86 (1996).  The determination of reasonableness is based on all of the facts and circumstances surrounding the proceedings.  Nalle v. Commissioner, supra at 191.  A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Pierce v. Underwood, supra at 564-565. The inquiry must be based on the facts reasonably available to the Commissioner when the position was maintained.  Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 689 (1990).

The fact that the Commissioner loses on the merits does not establish that a position was not substantially justified, but it is a factor to be considered.  Nalle v. Commissioner, supra at 192; Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, 100 T.C. 457, 471 (1993).  The fact that the evidence favoring the Commissioner's position fails

to persuade the trier of fact does not necessarily mean that the Commissioner's position did not have a reasonable basis in fact, Gantner v. Commissioner, 92 T.C. 192, 198 (1989), affd. 905 F.2d 241 (8th Cir. 1990), unless that evidence is unusually scanty or unworthy of belief, VanderPol v. Commissioner, 91 T.C. 367, 370 (1988). The Commissioner cannot escape an award of costs pursuant to section 7430 simply because a case presents questions of fact, Minahan v. Commissioner, supra at 500-502, or of witness credibility, Windsor Prod. Corp. v. Commissioner, T.C. Memo. 1995-556. A position is not substantially justified in law if legal precedent does not substantially support the Commissioner's position given the facts available to the Commissioner. Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 688.

Respondent's position, which was stated in the notice of deficiency, was that petitioners' horse activity was an activity not entered into for profit. In the answer, respondent denied certain of petitioners' allegations.

Petitioners contend that respondent's position was not substantially justified because: (1) Respondent failed to exercise reasonable and appropriate discretion to resolve this action without a court proceeding, (2) respondent did not conduct any pretrial discovery, (3) respondent relied on the presumption of correctness accorded the determination in the notice of deficiency and did not present any evidentiary or legal support for respondent's position, (4) the Court found no support for

respondent's position on any of the factors provided pursuant to section 1.183-2(b), Income Tax Regs., (5) the Court found for petitioners with regard to all of the relevant factors pursuant to section 1.183-2(b), Income Tax Regs., and (6) respondent knew, or should have known, that the facts in the instant case supported petitioners' position.

Respondent, on the other hand, contends that petitioners have offered no specific details that establish an overriding weakness in respondent's circumstantial case or any legal authority with which respondent's case is clearly inconsistent. Additionally, respondent contends that petitioners are essentially arguing that, because petitioners won the case, respondent's position was not substantially justified.

Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of factors to be considered in deciding whether an activity is engaged in for profit. As stated in our prior opinion, we considered those factors in reaching a decision on the merits in the instant case. No single factor, and not even the existence of a majority of such factors, is controlling. Keanini v. Commissioner, 94 T.C. 41, 47 (1990).

We conclude that respondent's position was substantially justified. Among the facts in the record that bore negatively on petitioners' claimed profit motive were the following: (1) Petitioners had no financial plan or written budget; (2) petitioners went bankrupt; (3) petitioner Eugene J. Phillips had

substantial income that was sheltered from the losses from the activity in issue; (4) certain expenses taken by petitioners were not farm related; (5) petitioners' only records on their horses' bloodlines were registration applications; and (6) petitioners had a consistent history of losses during 1987 through 1993.

From the foregoing facts, a reasonable person could infer that petitioners' horse activity was not entered into for profit. It was not until petitioners testified at trial and presented other persuasive evidence to overcome the negative inferences of such facts that petitioners were able to prevail.  Consequently, in the instant case, we conclude that respondent had a reasonable basis in fact and law for the position that petitioners did not have an actual and honest profit objective.

As we have concluded that respondent's position was substantially justified, we need not consider the issue of whether the amount of attorney's fees claimed by petitioners is reasonable.

To reflect the foregoing,

An appropriate order

will be issued.